**James Patrick WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–95–00180–CR.**

Court of Appeals of Texas,
Texarkana.

Submitted Aug. 6, 1996.

Decided Aug. 14, 1996.

Danny Woodson, Law Offices of Danny Woodson, Mount Pleasant, Gary L. Waite, Paris, for Appellant.

Charles C. Bailey, District Attorney, Mount Pleasant, for State.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

James Patrick White appeals from the revocation of his probation. He contends that the evidence is insufficient to support his underlying conviction for the offense of burglary, that the underlying conviction is void because he never entered a plea to the alleged offense, that the judge of the trial court, a retired visiting judge, had no authority to conduct the probation hearing because there was no order assigning him to the case, and that the revocation violated his due process rights because the State failed to give him notice of the acts that it intended to prove.

White was convicted of burglary on May 10, 1994, and was sentenced to seven years, probated. A motion to revoke was filed on September 12, 1995. The trial court conducted a revocation hearing on the motion to revoke. The court revoked the probation on October 25, 1995. The order reflects that the court revoked White's probation because White was in possession of a .22 caliber pistol after being convicted of a felony and because he did not report to the probation officer in nine specified months.

An initial question is whether White can attack the validity of the underlying conviction at the time his probation was revoked.

The appeal from a revocation order is ordinarily limited to the propriety of the revocation. An appellant's right to appeal the underlying conviction was accorded him when he was placed on probation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp.1996); *Whetstone v. State,* 786 S.W.2d 361, 363 (Tex.Crim.App.1990); *Burns v. State,* 832 S.W.2d 695, 696 (Tex.App.—Corpus Christi 1992, no pet.). We may, however, review the original conviction if it is void. For example, if the indictment was fatally defective, the conviction may be challenged in an appeal from a revocation order because the trial court's jurisdiction, in that instance, would not have been invoked. *Acosta v. State,* 640 S.W.2d 381, 386 (Tex.App.—San Antonio 1982) (citing *Traylor v. State,* 561 S.W.2d 492, 494 (Tex.Crim.App. [Panel Op.] 1978)), *habeas granted on other grounds,* 672 S.W.2d 470 (Tex.Crim.App.1984); *see also Standley v. State,* 517 S.W.2d 538, 541 (Tex. Crim.App.1975).

Similarly, on appeal from a revocation of probation, the underlying conviction may be collaterally attacked and the judgment set aside if fundamental error was committed. *Dinnery v. State,* 592 S.W.2d 343, 350 (Tex. Crim.App. [Panel Op.] 1979) (opinion on rehearing).

White contends that the underlying conviction is a nullity because he did not enter a plea in open court as required by TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989). Post-conviction relief is available, because a defect that renders a conviction void may be raised at any time. *Heath v. State,* 817 S.W.2d 335, 336 (Tex.Crim.App. 1991); *Ex parte McIver,* 586 S.W.2d 851, 854 (Tex.Crim.App. [Panel Op.] 1979); *Smola v. State,* 736 S.W.2d 265 (Tex.App.—Austin 1987, no pet.).

The record contains a complete statement of facts from the underlying conviction, which was based on White's purported guilty plea. At that hearing, the court informed White of the two charges against him, the prosecutor informed the court that the State

had agreed to reduce the charge from burglary of a habitation to burglary of a building, and the defense counsel responded "no objection." Counsel for White did not speak again. The court then asked White if he was "waiving his constitutional right to a jury trial and giving up all other legal rights that you might have," to which White responded "yes." White did not speak again. The remainder of the proceeding consisted of the prosecutor's summary of his recommended punishment, which was acknowledged by the court. The court asked White how he was pleading to the charge, but White never stated how he was pleading.

The judgment reads as follows:

## JUDGMENT

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of

### BURGLARY OF A BUILDING

and this cause being this day called, the State appeared by her Criminal District Attorney <u>CHARLES C. BAILEY</u>, and the Defendant <u>JAMES PATRICK WHITE</u>, appeared in person and [by] his counsel <u>DANNY WOODSON</u>, also being present and both waived his right of trial by jury, such waiver being with the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Titus County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded <u>GUILTY</u> to the charge contained in the indictment; thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that

he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The Defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and the Court having heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE FOUND AND ADJUDGED BY THE COURT, that the said Defendant is guilty of the felony offense of

### BURGLARY OF A BUILDING....

■ It may be seen from the statement of facts that the fill-in-the-blank judgment does not reflect the actual proceedings. Although the document states that White pleaded guilty in open court and that he was there admonished, neither event actually occurred.[1] White did sign a written stipulation admitting his guilt, but it was not placed in evidence or presented in open court. Consequently, even if it could otherwise serve as a plea of guilty, it could not in this instance. *See* TEX.CODE CRIM. PROC. ANN. art. 27.13.

■ The question remains whether the conviction is void because White never entered a plea. If a person has neither pleaded guilty to a crime nor been tried for the crime, he has not been convicted of the

---

1. TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1996) specifies that the court shall admonish a defendant, and lists several specific items for that purpose. White was not so admonished in open court as to any of the items, and the record contains no document indicating any written admonishment. Nevertheless, White has not brought a point of error on appeal to complain that the admonishments were inadequate.

crime. *Willis v. State*, 389 S.W.2d 464 (Tex. Crim.App.1965); *Lumsden v. State*, 384 S.W.2d 143, 144 (Tex.Crim.App.1964). And because the failure to enter a plea renders the trial a nullity and is a jurisdictional defect, White can complain of that defect even though he agreed to a plea bargain with the prosecutor. TEX.R.APP. P. 40(b)(1).

Another question is whether we may infer that White pleaded guilty despite the failure of the record to show any written or verbal articulation of such a plea. A similar situation was reviewed recently in *White v. State*, 932 S.W.2d 593 (Tex.App.—Tyler 1995, no pet. h.). In that case the defendant pleaded to several charges, but failed to plead to one of the charges. The appellate court recognized that it was purely accidental that one charge was omitted, and that the stipulations of evidence and the extensive and complete admonishments given in that case indicated the inadvertent nature of the omission. Nevertheless, the court held that no conviction occurred, because the defendant had not been tried for the charge and had not pleaded guilty to the charge.

We find that White did not enter a plea to the charge in the underlying conviction, as required by Article 27.13. Thus, the conviction is void. Because of our disposition of this point of error, it is not necessary for us to address the remaining arguments.

The order revoking probation is reversed, and the cause is remanded to the trial court for entry of judgment denying the motion to revoke.