Richard A. MARTINEZ, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00020–CR.

Court of Appeals of Texas,
San Antonio.

Aug. 18, 1999.

Michael C. Gross, San Antonio, for Appellant.

Alan E. Battaglia, Asst. Crim. Dist. Atty., San Antonio, for Appellee.

Sitting: TOM RICKHOFF, Justice CATHERINE STONE, Justice SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

This negotiated plea-bargained conviction case presents two questions: (1) whether a general notice of appeal fails to invoke this court's jurisdiction to consider a claim of jurisdictional defect; and (2) whether the alleged failure to enter a plea to the charged offense constitutes a jurisdictional defect. We answer both questions in the negative and dismiss the appeal for want of jurisdiction.

In March 1998, Richard Martinez, Jr. was charged by indictment with the offenses of aggravated sexual assault and indecency with a child. On October 23, 1998, Martinez appeared in open court to enter a plea to the charges. At this hearing, the State abandoned the charge of aggravated sexual assault, proceeding only on the charge of indecency with a child. Martinez entered a plea of guilty to the remaining charge and sentence was assessed at twelve years in prison in accordance with a plea bargain. Martinez timely filed a general notice of appeal.

Martinez challenges his conviction in one point of error, claiming that the trial proceedings were rendered a nullity because the trial court failed to elicit a plea of guilty in violation of Article 27.13 of the Code of Criminal Procedure, which requires a plea of guilty in a felony case to be made in open court by the defendant in person. TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989); *see Lumsden v. State,* 384 S.W.2d 143, 144 (Tex.Crim.App. 1964) (holding that trial proceeding is nullity when defendant fails to enter plea to charge). The Texarkana Court of Appeals has concluded that such an error is a jurisdictional defect, an error which a plea-bargaining defendant may assert in a direct appeal. *See White v. State,* 929 S.W.2d 502, 504–05 (Tex.App.-Texarkana 1996, no pet.). Before we reach the merits of Martinez's claim, we must first determine whether we have the jurisdiction to do so in light of his general notice of appeal. *See* TEX.R.APP. P. 25.2(b)(3) (requiring defendant to state in notice of appeal that appeal is for jurisdictional defect); *see also State v. Roberts,* 940 S.W.2d 655, 657 (Tex.Crim.App.1996) (appellate court always has jurisdiction to determine whether it has jurisdiction).

### JURISDICTION

■ It has long been the rule in Texas that a defendant's appeal from a negotiated plea-bargained conviction is limited. This limitation first appeared in 1977 when the Legislature added the following proviso to Article 44.02 of the Code of Criminal Procedure:

[B]efore the defendant [who has been convicted on a negotiated plea and the trial court assesses punishment recommended by the prosecutor and agreed to by the defendant and his attorney] may prosecute his appeal, he must have the

permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . .

Act of June 10, 1977, 65th Leg., R.S., ch. 351, § 1, 1977 Tex. Gen. Laws 940, 940–41 (codified at Tex.Code Crim. Proc. Ann. art. 44.02).[2]

In 1985, when the Legislature authorized the Court of Criminal Appeals to promulgate rules of procedure and evidence in criminal cases, the Court repealed the proviso to Article 44.02 and enacted Rule 40(b)(1) of the Texas Rules of Appellate Procedure in its stead. *See* Act of August 26, 1985, 69th Leg., ch. 685, §§ 1–4, 1985 Tex. Gen. Laws 2472, 2472–73. Rule 40(b)(1) provided in pertinent part:

[B]ut if the judgment was rendered upon [the defendant's] plea of guilty or nolo contendere . . . and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice [of appeal] shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial. . . .

Compliance with both Article 44.02 and Rule 40(b)(1) was jurisdictional. *See Jones v. State*, 796 S.W.2d 183, 187 (Tex.Crim. App.1990) (construing rule 40(b)(1)); *Morris v. State*, 749 S.W.2d 772, 774–75 (Tex. Crim.App.1986) (construing Article 44.02); *see also Lyon v. State*, 872 S.W.2d 732, 735

(Tex.Crim.App.), *cert. denied,* 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994) (chronicling development of restrictions in appeals from negotiated plea-bargained convictions). That is, unless the defendant truthfully stated in his notice of appeal that he either had the trial court's permission to appeal or that he raised his point of error by a pretrial written motion ruled on before trial, the defendant's "general" notice of appeal conferred jurisdiction on the appellate court to consider only jurisdictional issues. *See Lyon*, 872 S.W.2d at 736.[3]

In 1997, the rule setting forth the limitations in appeals from negotiated plea-bargained convictions underwent yet another change. Rule 40(b)(1) was replaced by Rule 25.2(b)(3) of the Texas Rules of Appellate Procedure. As written, Rule 25.2(b)(3) is substantially the same as its predecessor Rule 40(b)(1). By its terms, Rule 25.2(b)(3) restricts an appeal from a negotiated plea-bargained conviction to jurisdictional issues, issues raised by written motion and ruled on before trial, and issues that the trial court granted permission to appeal. Tex.R.App. P. 25.2(b)(3). Unlike its immediate predecessor, however, Rule 25.2(b)(3) requires a defendant to specify in his notice of appeal that the appeal concerns a jurisdictional defect if the defendant is challenging his conviction on that basis. *Compare* former Tex.R.App. P. 40(b)(1) *with* current Tex.R.App. P. 25.2(b)(3)(A). This change in Rule 25.2(b)(3) presents our first question: does a defendant's failure to comply with the extra-notice requirements of Rule

---

**2.** The proviso was a partial abrogation of the judicially-created *Helms* rule, which provided that a guilty plea waived all nonjurisdictional defects in the prior proceeding. *See Lyon v. State*, 872 S.W.2d 732, 734–35 (Tex.Crim. App.), *cert. denied*, 512 U.S. 1209, 114 S.Ct. 2684, 129 L.Ed.2d 816 (1994).

**3.** In 1996, the Court of Criminal Appeals construed Rule 40(b)(1) to allow a defendant to attack the voluntariness of his plea in a direct appeal on a general notice of appeal. *See Flowers v. State*, 935 S.W.2d 131, 133–34 (Tex.Crim.App.1996). This construction was

based on the observation that a defendant in this State has always been able to challenge a plea-bargained conviction on the basis that his plea was not freely and voluntarily entered; even the *Helms* rule allows review of such a challenge. *Id.* at 134. After *Flowers*, an appeal governed by Rule 40(b)(1) could concern matters raised with the trial court's permission, pretrial issues raised by written motion, jurisdictional matters, and the voluntariness of the defendant's plea. *See Elizondo v. State*, 979 S.W.2d 823, 823 (Tex.App.-Waco 1998, no pet.).

25.2(b)(3)(A) fail to invoke an appellate court's jurisdiction to consider a jurisdictional issue? Stated differently, are we to assume that with the inclusion of subsection (A), the Court of Criminal Appeals intended to prevent an appellate court from considering a jurisdictional issue—an issue which could be reached on an appellate court's own motion—because a defendant failed to notify the court he was raising a jurisdictional issue? The Austin Court of Appeals has recently answered these questions in the affirmative. *See Hernandez v. State*, 986 S.W.2d 817, 819 (Tex.App.-Austin 1999, pet. filed). In light of the long-standing precedent regarding courts' ability to reach jurisdictional issues, we respectfully decline to follow *Hernandez*, and instead hold that we may reach a jurisdictional issue on a general notice of appeal.

■ In reaching this decision, we are cognizant that our jurisdiction in appeals from negotiated plea-bargained convictions is restricted to consider only those matters allowed by the terms of Rule 25.2(b)(3). But we are also cognizant of the long-standing rule that a jurisdictional issue may always be reached—at any time—whether raised by the parties or by the court. The most basic "prerequisite to the exercise of State power by a court to hear and determine a particular case is the proper invocation of the jurisdiction of that court." *Ex parte Cannon*, 546 S.W.2d 266, 270 (Tex.Crim.App.1976) (Odom, J., concurring). It is well settled that while most rights and procedural matters are subject to waiver, jurisdictional matters are not and may be raised at any time by the parties or by the court. *See Ex parte Smith*, 650 S.W.2d 68, 69 (Tex.Crim.App. 1981); *Lackey v. State*, 574 S.W.2d 97, 100 (Tex.Crim.App.1978); *Casias v. State*, 503 S.W.2d 262, 265 (Tex.Crim.App.1973). This is so because any action taken by a court without jurisdiction is void. *See Foster v. State*, 635 S.W.2d 710, 721 (Tex. Crim.App.1982); *Ex parte Cannon*, 546 S.W.2d at 269. Thus, in light of the above-mentioned precedent, we are hesitant to assume that the Court of Criminal Appeals intended for Rule 25.2(b)(3) to preclude application of the long-standing rule that a jurisdictional issue may always be reached. We conclude, therefore, that a general notice of appeal in cases governed by Rule 25.2(b)(3) does not fail to invoke this court's jurisdiction to consider a claim of jurisdictional defect.

### CLAIM OF JURISDICTIONAL DEFECT

■ We turn then to Martinez's purported claim of jurisdictional defect: the trial court's alleged failure to elicit a plea of guilty to the charged offense in violation of Article 27.13 of the Code of Criminal Procedure. The Court of Criminal Appeals has determined that a trial in which a plea was not entered is a nullity because there is no issue for the fact finder to consider. *Lumsden*, 384 S.W.2d at 144. Relying on *Lumsden*, the Texarkana Court of Appeals has concluded that non-compliance with Article 27.13 constitutes a jurisdictional defect, and is therefore a claim which is properly asserted in the context of an appeal from a negotiated plea-bargained conviction. *See White*, 929 S.W.2d at 504–05. We respectfully disagree with the Texarkana Court of Appeals' characterization of this type of alleged error as a jurisdictional defect.

■ Jurisdiction is the power of the court over the "subject matter" of the case, conveyed by statute or constitutional provision, coupled with "personal" jurisdiction over the accused, which is invoked in felony prosecutions by the filing of a sufficient indictment or information if indictment is waived. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981). Once a trial court's jurisdiction over the subject matter and the parties is properly invoked, a trial court's actions may be erroneous, but they are not void in the jurisdictional sense. *Fontenot v. State*, 932 S.W.2d 185, 190 (Tex.App.-Fort Worth 1996, no pet.); *see Garcia v.*

*Dial,* 596 S.W.2d 524, 527 (Tex.Crim.App. [Panel Op.1980] (orig.proceeding)).

■ Martinez's claim that the trial court failed to elicit a plea of guilty neither relates to the trial court's jurisdiction over the subject matter of this case nor to the trial court's personal jurisdiction over him. Rather, Martinez's claim alleges erroneous trial court action—the impropriety of rendering judgment on a plea of guilty, which allegedly had not been entered in open court by Martinez. That the trial court erroneously proceeded to judgment under such circumstances and entered a voidable judgment, *see Lumsden,* 384 S.W.2d at 144, does not mean that the trial court did not have the jurisdiction to do so. Stated differently, the trial court's alleged failure to follow a statutory requirement is not a jurisdictional issue unless that statutory requirement concerned the trial court's jurisdiction over the subject matter of the case or the trial court's personal jurisdiction over the parties. This distinction was succinctly explained by Justice Meyers when he stated:

> Although the word "jurisdiction" has a broad meaning in common parlance, and is often used as a synonym for "authority" even in legal writing, it is traditionally considered in the law to identify a much more specific kind of power.
>
> A court's jurisdiction is comprised generally of its authority to render a particular kind of judgment (such as an order of commitment or a judgment for money damages) in some kinds of disputes (such as felony criminal prosecutions or personal injury lawsuits) between certain classes of persons (such as everyone present within the state or within a subdivision of the state) (citations omitted). There are of course, many other nonjurisdictional aspects of litigation in which the conduct of a court is controlled by law. *Sometimes, when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not*

*have authority to act as it did. But it is a mistake to say that the court was without jurisdiction in the matter.*

*Stine v. State,* 908 S.W.2d 429, 434 (Tex. Crim.App.1995) (Meyers, J., concurring) (emphasis added).

Because the trial court's non-compliance with Article 27.13 neither concerns the trial court's jurisdiction over the subject matter of the case or the trial court's personal jurisdiction over the parties, it · is not a claim of jurisdictional defect. Because Martinez's sole point on appeal is not a jurisdictional defect, we have no jurisdiction to consider the issue. *See* TEX.R.APP. P. 25.2(b)(3).

■ Even if Martinez's claim is properly characterized as a jurisdictional defect, it is without merit. After properly admonishing Martinez pursuant to article 26.13, the trial court inquired:

> **The Court:** Knowing all of this, Mr. Martinez, do you still want to enter a plea of guilty and you're waiving a jury?
>
> **The Defendant:** Yes, sir.

> \* \* \* \*

> **The Court:** Mr. Martinez, are you pleading guilty because you are guilty?
>
> **The Defendant:** Yes, sir.
>
> **The Court:** No one has forced you, threatened you, coerced you, intimidated you or done anything to make you plead guilty?
>
> **The Defendant:** No, sir.
>
> **The Court:** No one has promised you anything in return for your plea?
>
> **The Defendant:** No, sir.
>
> **The Court:** So you're pleading guilty simply because you are guilty and for no other reason; is that correct?
>
> **The Defendant:** Yes.

The Court of Criminal Appeals has found a similar exchange to be sufficient to show compliance with both the spirit and letter of Article 27.13. *See Shields v.*

*State,* 608 S.W.2d 924, 927 (Tex.Crim.App. [Panel Op.] 1980).

In light of the foregoing discussion, the appeal is DISMISSED FOR WANT OF JURISDICTION.