Nos. 04-00-00683-CR & 04-00-00684-CR



Robert L. GUERRA,


Appellant



v.



The STATE of Texas,


Appellee



From the 226th Judicial District Court, Bexar County, Texas


Trial Court Nos. 1996-CR-3371 & 1996-CR-3470


Honorable Sid L. Harle, Judge Presiding



PER CURIAM


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: May 23, 2001


DISMISSED FOR LACK OF JURISDICTION

 Robert L. Guerra pled guilty to two felonies and was placed on deferred adjudication
community supervision in accordance with the terms of his plea bargain agreement. Guerra seeks to
appeal the trial court's judgments adjudicating his guilt and sentencing him to five years confinement
and six months confinement, respectively.

 To invoke the court's jurisdiction over these appeals, rule 25.2(b)(3) requires that the notice
of appeal specify that the appeals are from a jurisdictional defect, specify that the substance of the
appeals was raised by written motion and ruled on before trial, or state that the trial court granted
permission to appeal. Tex. R. App. P. 25.2(b)(3). Because Guerra's general notices of appeal did
not meet any of the requirements of rule 25.2(b)(3), this court only has jurisdiction to consider issues
relating to the trial court's jurisdiction or the trial court's failure to conduct a punishment hearing
after adjudicating guilt. See Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001);
Cooper v. State, No. 1100-99, 2001 WL 321579 (Tex. Crim. App. Apr. 4, 2001); Manuel v. State,
994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999); Pearson v. State, 994 S.W.2d 176 (Tex. Crim.
App. 1999); Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim. App. 1996); Martinez v. State,
5 S.W.3d 722, 724-25 (Tex. App.--San Antonio 1999, no pet.).

 Given the jurisdictional limits on Guerra's appeals, we ordered appellate counsel to submit
a letter identifying the issues to be raised on appeal and explaining how this court had jurisdiction to
consider those issues. Appellate counsel responded by filing briefs asserting that the trial court erred
in failing to empanel a jury to determine Guerra's competency to stand trial at the revocation
proceeding. The issue raised in the briefs does not relate to the trial court's jurisdiction or to whether
the trial court conducted a punishment hearing after adjudicating Guerra's guilt. The complaint raised
in the briefs relates to the trial court's determination of whether to proceed with adjudication;
however, article 42.12, section 5(b) precludes an appeal from that determination. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001).


 Because the appeals do not raise any issues that this court has jurisdiction to consider, the
appeals are dismissed for lack of jurisdiction.


 PER CURIAM

DO NOT PUBLISH