No. 04-00-00810-CR



Johnnie PARKER,


Appellant



v.



STATE of Texas,


Appellee



From the 75th Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CR-3369


Honorable Robert Barton, Judge Presiding



PER CURIAM


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: May 30, 2001


APPEAL DISMISSED FOR WANT OF JURISDICTION


 On April 16, 2001, we ordered appellant, Johnnie Parker, to show cause, no later
than April 30, 2001, why this appeal should not be dismissed for lack of jurisdiction.
Appellant was warned that if he failed to respond, the appeal would be dismissed. No
response has been filed. We dismiss the appeal for want of jurisdiction for the following reasons.

 Appellant pled nolo contendere to unauthorized use of a vehicle, a state jail felony. Pursuant
to a plea bargain agreement, the trial court sentenced him to two years confinement and a $1,000 fine.
The sentence is within the terms of the plea bargain. Appellant filed a premature general notice of
appeal.

 The notice of appeal was not timely filed. A premature notice of appeal is not effective if it
is filed before the trial court makes a finding of guilt. Tex. R. Civ. P. 27.1(b). The clerk's record
indicates appellant signed his plea agreement and waiver and stipulation documents on February 5,
2001, and sentence was imposed that same day. The notice of appeal was filed November 27, 2000,
before the trial court made a finding of guilt.

 Further, when a judgment is rendered on the defendant's plea of guilty or nolo contendere
pursuant to a plea bargain in a felony case, and the punishment assessed does not exceed the
punishment recommended by the prosecutor and agreed to by the defendant, the defendant's notice
of appeal must (a) specify that the appeal is for a jurisdictional defect; (b) specify that the substance
of the appeal was raised by written motion and ruled on before trial; or (c) state that the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67
(Tex. Crim. App. 2000). A timely notice of appeal complying with Rule 25.2(b)(3) is necessary to
confer jurisdiction on this court. State v. Riewe, 13 S.W.3d 408 (Tex. Crim. App. 2000). Once the
time for perfecting the appeal has passed, appellant may not retroactively confer jurisdiction on this
court by filing an amended notice of appeal. Id. at 413-14.

 Moreover, this court's jurisdiction is limited to consideration of the matters set forth in Rule
25.2(b)(3). Cooper v. State, No. 1100-99, 2001 WL 321579 (Tex. Crim. App. April 4, 2001). Under
a general notice of appeal, we may review only issues concerning the trial court's jurisdiction.
Martinez v. State, 5 S.W.3d 722, 724-25 (Tex. App.-San Antonio 1999, no pet.). Rule 25.2(b)(3)
applies to this appeal. We have found no jurisdictional matters raised by the record in this appeal.

 The notice of appeal was not timely filed. The general notice of appeal confers no jurisdiction
on this court except to examine the jurisdiction of the trial court. The record raises no jurisdictional
issues. Accordingly, the appeal is dismissed for lack of jurisdiction. Tex. R. App. P. 42.3(a).

 PER CURIAM

DO NOT PUBLISH