Nos. 04-00-00846-CR; 04-00-00847-CR; 04-00-00848-CR;


04-00-00849-CR; 04-00-00850-CR


Michael BONNET,

Appellant


v.


The STATE of Texas,

Appellee


From the 226th Judicial District Court, Bexar County, Texas

Trial Court No. 2000-CR-2560

Honorable Sid L. Harle, Judge Presiding


PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff , Justice

 Karen Angelini, Justice


Delivered and Filed: May 31, 2001


DISMISSED FOR LACK OF JURISDICTION

 Michael Bonnet pleaded guilty to five counts of aggravated robbery. Pursuant to a plea
bargain agreement, the trial court sentenced him to twenty five years imprisonment for each offense,
with his sentences to run concurrently. Bonnet filed general notices of appeal.

 When a judgment is rendered on a defendant's plea of guilty pursuant to a plea bargain in a
felony case, and the punishment does not exceed that recommended by the prosecutor and agreed to
by the defendant, the defendant's notice of appeal must: (1) articulate that the appeal is for a
jurisdictional defect; (2) specify that the substance of the appeal was raised by written motion and
ruled on before trial; or (3) state that the trial court granted permission to appeal. Tex. R. App. P.
25.2(b)(3); Young v. State, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000). A timely notice of appeal
that complies with Rule 25.2(b)(3) is necessary to this court's jurisdiction, which is limited to those
issues concerning the trial court's jurisdiction. See Tex. R. App. P. 25.2(b)(3); Cooper v. State, No.
1100-99, slip op. at 6-7, 2001 WL 321579, at *1 (Tex. Crim. App. Apr. 4, 2001); State v. Riewe, 13
S.W.3d 408, 410 (Tex. Crim. App. 2000). Under a general notice of appeal, we may review only
those issues concerning the trial court's jurisdiction. See Martinez v. State, 5 S.W.3d 722, 724-25
(Tex. App.-San Antonio 1999, no pet.). 

 Rule 25.2(b)(3) applies to Bonnet's appeal. However, his notices of appeal are general and
do not comply with the rule. This court, therefore, requested Bonnet to submit a letter brief
identifying those issues or points to be raised on appeal and to explain why those issues or points
warranted continuation of his appeal. 

 Bonnet responded to this court's order on May 11, 2001. In his response, he indicated that
he would be raising the following issues in his appeal: the voluntariness of his plea; that the district
attorney breached the plea agreement; and that "but-for the 'misinforming, inept Counsel,' he would
not have entered his plea." 

 We do not have jurisdiction to review these issues. See Tex. R. App. P. 25.2(b)(3); Cooper,
2001 WL 321579 (holding voluntariness of plea may not be raised on appeal from plea-bargained,
felony conviction). We, therefore, dismiss Bonnet's appeal for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH