No. 04-01-00443-CR



Lee Edward BOOTEN,


Appellant



v.



STATE of Texas,


Appellee



From the 208th Judicial District Court, Harris County, Texas


Trial Court No. 530364


Honorable Jan Krocker, Judge Presiding (1)



PER CURIAM


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 

Delivered and Filed: August 29, 2001 


MOTION TO WITHDRAW GRANTED; MOTION FOR EXTENSION OF TIME DENIED;
DISMISSED FOR LACK OF JURISDICTION


 Lee Edward Booten pled guilty to aggravated sexual assault of a child and was
granted deferred adjudication for ten years within the terms of a negotiated plea bargain. The
State subsequently moved to revoke, and Booten pled true to violation of the conditions of
his community supervision by delivery of cocaine. Pursuant to a second negotiated plea
bargain, Booten was sentenced to ten years in prison. He thereafter filed a pro se general
notice of appeal.

 On July 27, 2001, following review of the clerk's record, we informed Booten that
it appeared this court lacked jurisdiction over the appeal and ordered Booten to file a letter
response explaining those points or issues that might warrant continuation of the appeal
notwithstanding the jurisdictional limitations outlined in our order. In response, Booten's
court-appointed attorney on appeal filed an Anders brief in which counsel concludes this
appeal is frivolous and without merit. Counsel also filed a motion to withdraw.

 Because Booten complains of a conviction based on a plea of guilty resulting in
deferred adjudication community supervision and the punishment assessed did not exceed
the punishment agreed to pursuant to the negotiated plea bargain, rule 25.2(b)(3) requires the
notice of appeal specify the appeal is from a jurisdictional defect, specify the substance of
the appeal was raised by written motion and ruled on before trial, or state the trial court
granted permission to appeal. Tex. R. App. P. 25.2(b)(3); see Watson v. State, 924 S.W.2d
711, 714-15 (Tex. Crim. App. 1996). Booten's general notice of appeal does not meet any
of these required conditions.

 Further, article 42.12, section 5(b) provides that in a case involving a deferred
adjudication, no appeal may be taken from the trial court's decision to proceed to
adjudication of guilt. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2001);
see Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999). Additionally, if a post-adjudication appeal raises issues relating to the original deferred adjudication proceeding,
the appeal is untimely and must be dismissed for want of jurisdiction unless the issue relates
to whether the original judgment deferring appellant's adjudication is void. See Tex. R. App.
P. 26.2(a); Nix v. State, No. 793-00, 2001 WL 717453, at *2 (Tex. Crim. App. June 27,
2001); Manuel v. State, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999).

 Because Booten's general notice of appeal does not comply with rule 25.2(b)(3), the
court only has jurisdiction to consider issues relating to: (1) the trial court's jurisdiction; (2)
the process by which the appellant was sentenced; or (3) whether the original judgment
deferring appellant's adjudication is void. See Nix v. State, No. 793-00, 2001 WL 717453,
at *2 (Tex. Crim. App. June 27, 2001); Vidaurri v. State, No. 151-99, 2001 WL 687375, at
*4 (Tex. Crim. App. June 20, 2001); Cooper v. State, 45 S.W.3d 77, 78 (Tex. Crim. App.
2001); Martinez v. State, 5 S.W.3d 722, 724-25 (Tex. App.--San Antonio 1999, no pet.). 

 Booten's response states no grounds on which this court may accept jurisdiction of
his appeal. Tex. R. App. P. 25.2(b)(3). Booten's motion for extension of time to file a pro se
brief is denied. We grant the motion to withdraw filed by Booten's counsel. Counsel's
Anders brief is stricken for lack of jurisdiction. The appeal is dismissed for lack of
jurisdiction. 

 PER CURIAM

DO NOT PUBLISH
1. Judge Krocker signed the Judgment Adjudicating Guilt. Judge John H. Kyles signed the initial Probation
Order and Deferment of Adjudication of Guilt.