**Opinion issued July 2, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00765-CR

————————————

**KRISTI LEE PORTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Court**
**Chambers County, Texas**
**Trial Court Case No. 33678**

---

## MEMORANDUM OPINION

A jury found appellant, Kristi Lee Porter, guilty of the offense of illegal collection of alligator eggs[1] and assessed her punishment at a fine of $75. In three issues, appellant contends that the trial court erred in entering judgment against

---

[1] *See* TEX. ADMIN. CODE ANN. § 65.358(c).

her.

We dismiss the appeal for lack of jurisdiction.

## Background

Appellant was cited for violating Texas Administrative Code section 65.358(c).[2] Section 65.358(c) prohibits the collection of alligator eggs on tracts of land for which a person does not have proper authorization, which is demonstrated by possession of a "stamp." Appellant had "stamps" for collecting alligator eggs on one property, and she was cited for the collection of eggs on a neighboring property for which she did not possess "stamps." A justice court found her guilty and assessed her punishment at a fine of $500. Appellant appealed her conviction to the county court. On appeal to the county court, a jury found appellant guilty and assessed her punishment at a fine of $75.

## Jurisdiction

The State argues that we lack jurisdiction over this appeal because the fine assessed against appellant is less than $100 and the main issue on appeal does not concern a challenge to the constitutionality of a statute on which appellant's conviction is based.

"Courts always have jurisdiction to determine their own jurisdiction." *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009); *see also Martinez v. State*, 5

---

[2] *Id.*

2

S.W.3d 722, 725 (Tex. App.—San Antonio 1999, no pet.). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Comunidad Corp. v. State*, 445 S.W.3d 401, 404 (Tex. App.—Houston [1st Dist.] 2013, no pet.). Article 4.03 of the Texas Code of Criminal Procedure provides as follows:

> The Courts of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts in all criminal cases except those in which the death penalty has been assessed. This Article shall not be so construed as to embrace any case which has been appealed from any inferior court to the county court, the county criminal court, or county court at law, in which the fine imposed or affirmed by the county court, the county criminal court or county court at law does not exceed one hundred dollars, unless the sole issue is the constitutionality of the statute or ordinance on which the conviction is based.

TEX. CODE CRIM. PROC. ANN. art. 4.03.

It is undisputed that appellant was convicted of a Class C misdemeanor and assessed a fine of $75 for violating Texas Administrative Code section 65.358(c) by collecting alligator eggs on tracts of land for which she was not authorized. In her opening brief, appellant asserts three issues: (1) that the trial court erred by applying the definition of "take" from Texas Parks and Wildlife Code section 65.001(4) to the charged offense, which is found in Texas Administrative Code section 65.358(c); (2) that the trial court erred in finding that Texas Administrative Code section 65.358(c) is a strict liability offense; and (3) that the trial court erred in denying appellant's motion for a directed verdict because the State failed to

3

prove its case because it offered no evidence that the alleged nest in question was not on the property for which appellant possessed "stamps" for collecting alligator eggs. Although her opening brief makes vague references to "due process," nowhere in it does appellant challenge the constitutionality of section 65.358(c) of the Texas Administrative Code.

In her first issue, appellant argues that the trial court erred in using an improper definition to interpret the statute on which her conviction was based. Texas Administrative Code section 65.358(c) provides that "[a]n alligator egg collector shall collect only on tracts designated for the stamps in their possession." TEX. ADMIN. CODE ANN. § 65.358(c). Appellant argues that the trial court improperly used the definition of "take" from the Texas Wildlife Code instead of the definition of "egg collection" from the Texas Administrative Code. *See id.* at § 65.352(4); TEX. PARKS & WILD. CODE ANN. § 65.001(4). The definitions section for the applicable subchapter of the Texas Administrative Code provides:

> The following words and terms, when used in this subchapter, shall have the following meanings, unless the context clearly indicates otherwise. All other words and terms shall have the meanings assigned in Subchapter A of this chapter . . . and in the Parks and Wildlife Code.

TEX. ADMIN. CODE ANN. § 65.352. In that same section, "egg collection" is defined as "[t]o remove or possess alligator eggs from wild nests." *Id.* at 65.352(4). The definition of "take" applied by the trial court is found in Texas

4

Parks and Wildlife Code section 65.001(4), which defines "take" as "the act of hooking, netting, snaring, trapping, pursuing, shooting, killing, capturing, or collecting by any means or device and includes the attempt to take by the use of any method." *See* TEX. PARKS & WILD. CODE ANN. § 65.001(4). Appellant makes several arguments regarding how the trial court allegedly erred in applying the definition of "take" as opposed to "egg collection" in interpreting the statute at issue and instructing the jury in this case. However, nowhere in her argument does appellant assert that section 65.358(c) of the Texas Administrative Code is unconstitutional.

In her second issue, appellant argues that the trial court erred in finding that section 65.358(c) is a strict liability offense that does not require proof of a culpable mental state for conviction. Appellant makes several arguments regarding why the statute at issue is not a strict liability offense and that a culpable mental state must be found before a person can be found guilty under the statute. However, nowhere in her argument does appellant assert that section 65.358(c) of the Texas Administrative Code is unconstitutional.

In her third issue, appellant argues that the trial court erred in denying her motion for a directed verdict of "not guilty" because the State failed to prove a prima facie case of the offense charged. Appellant specifically asserts that the State did not prove a prima facie case because it failed to offer any evidence that

5

the alleged nest in question was located on the neighboring property for which appellant did not possess a "stamp" to collect alligator eggs. However, nowhere in her argument does appellant assert that section 65.358(c) of the Texas Administrative Code is unconstitutional.

No argument in appellant's opening brief can be construed as challenging the constitutionality of the statute on which her conviction is based. Nor did appellant challenge the constitutionality of the statute in either of the courts below. In her reply brief, in response to the State's argument that this appeal should be dismissed for lack of jurisdiction, appellant argues that her first two issues challenge the constitutionality of Texas Administrative Code section 65.358(c). She further asserts in her reply brief that the statute is unconstitutionally vague and violates the equal protection clause. However, none of these arguments were made in appellant's opening brief. And the Texas Rules of Appellate Procedure do not allow an appellant to include in a reply brief new issues in response to a matter pointed out in an appellee's brief, but not raised by the appellant in her original brief. *See* TEX. R. APP. P. 38.3; *Barrios v. State*, 27 S.W.3d 313, 321–22 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

The fact that the arguments challenging the constitutionality of Texas Administrative Code section 65.358(c) were not raised until appellant's reply brief is further indication to the Court that her appellate issues in substance do not

involve the constitutionality of the statute on which her conviction is based and that these arguments were made in reply merely as an attempted jurisdictional hook.[3]  Regardless, we would only have jurisdiction where the sole issue raised challenges the constitutionality of the statute, which is not the case here under any reasonable interpretation of appellant's briefs.  *See* TEX. CODE CRIM. PROC. ANN. art. 4.03.

Accordingly, we hold that we lack jurisdiction to consider this appeal.

## Conclusion

We dismiss the appeal for lack of jurisdiction and dismiss all pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Lloyd, Landau, and Countiss.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[3]  Alternatively, appellant requests that this Court grant leave to amend her original brief in lieu of dismissal pursuant to Texas Rule of Appellate Procedure 38.7.  "[A]n appellate court has some discretion to choose between deeming a point waived and allowing amendment or rebriefing." *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994); *see also Cisneros v. State*, No. 08-09-0096-CR, 2010 WL 2990657, at *4 (Tex. App.—El Paso July 30, 2010, pet. ref'd) (not designated for publication).  Based on the briefing to this Court and record from the courts below, we deny appellant's request to file an amended brief in order to raise new issues concerning the constitutionality of Texas Administrative Code section 65.358(c).