

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

————————————

No. 07-21-00303-CR
No. 07-21-00304-CR

————————————

ANGELO RAMOS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 80,542-E-CR & 80,544-E-CR, Honorable Douglas Woodburn, Presiding

October 12, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"Short cuts make long delays, argued Pippin."[1]  The shortcut taken here led to a destination.  We affirm the two convictions from which Angelo Ramos appeals.

---

[1] J.R.R. Tolkien, THE FELLOWSHIP OF THE RING.

The shortcut began with appellant deciding to enter open pleas of guilty to two indictments. Through each instrument, the State accused him of causing bodily injury to others while intoxicated. *See* TEX. PENAL CODE ANN. § 49.07(a) (describing the offense of intoxication assault). The individuals injured were peace officers. The trial court convened a hearing to entertain the guilty pleas and dispose of the cases. Yet, it called only one cause number, i.e., 80,542-E, when opening the proceeding. Though the State mentioned that it was "ready for pleas of guilty on Cause Number 80,542 and 80,544" and anticipated "pleas of true to the enhancement paragraphs," the omission of 80,544-E remained unnoticed at the time. Not until the court admonished appellant regarding the charge in 80,542-E, found appellant competent, accepted appellant's pleas of guilty and true to the accusation and enhancement paragraphs, respectively, and began receiving evidence did it realize it had "the plea papers on 542, but not on 544." That led counsel for appellant to (1) utter that he "thought they had both," (2) represent that one set of plea papers was intended to encompass both pleas, and (3) conclude that "[w]e need one more set of paperwork."

The trial court briefly recessed the proceeding to allow counsel for the State and appellant to "go ahead and prepare those papers so we can also go over those real quick." The hearing resumed shortly thereafter but without an additional set of "papers." Instead, the record disclosed that the trial court spoke with counsel for the parties off-record during the recess. More importantly, they struck an accord during that discussion. Per the court's statement, "**all parties** ha[d] agreed that [the court] can note on the documents that have been provided to [it], as far as the plea papers, that they will carry forward on

2

both Cause Number 80,542 and 80,544, both styled State versus Ramos."[2]  (Emphasis added).  It continued with:  "[A]ll testimony that – and other evidence that has been provided to me today will apply equally to both of those two cases."  And, when asked whether these statements accurately manifested the accord struck, counsel for both sides represented that they did.

At the hearing's end, the trial court found appellant to be competent and guilty of the offenses encompassed by "both these Cause Numbers 80,542 and 80,544."  So too did it pronounce sentence in open court.

Appellant now argues, through two issues, that the trial court erred by failing to call Cause Number 80,544-E, admonish him as required by article 26.13 of the Texas Code of Criminal Procedure vis-à-vis the intended plea of guilty to the charge encompassed within the cause number, and receive his plea to that charge in open court as required by article 27.13 of the same code.  The "remedial measures" taken by the court allegedly were also "insufficient to cure the error."  Had the trial court required the litigants to draft and submit the paperwork regarding Cause Number 80,544-E as originally intended, there would have been no need to address these arguments.  Instead, it took the shortcut, the effect of which we now address.

Most importantly, the shortcut taken was with the expressed approval of "all parties."  It resulted in the trial court simply handwriting "080544-E-CR" atop the plea papers and immediately under reference to "080542-E-CR."  Furthermore, those plea papers consisted of the "plea memorandum" containing "waivers and admonishments,"

_____

[2] Of course, we are not privy to the off-record conversation.  Yet, nothing suggests appellant left the courtroom or eschewed participating in the discussion.  So, in the trial court's using the phrase "all **parties** have agreed," we afford the passage its plain meaning and construe "parties" as including appellant himself.

3

the "judicial confession," "order approving admonishments, order on waivers and judicial confession," and "certificate acknowledging compliance with C.C.P. Article 39.14." And, save for the "order approving admonishments, order on waivers and judicial confession," appellant's signature appeared in each document. Through his signature he purported to acknowledge the waivers, admonishments, and confession encompassed within the documents. Appellant also and expressly pleaded "guilty" within the "judicial confession" he signed, which confession encompassed both cause numbers 80,544-E and 80-542-E per the subsequent agreement of "all parties." The latter fact is of import, as we now illustrate.

Article 27.13 provides that a guilty plea in a felony case "must be made in open court by the defendant in person." TEX. CODE. CRIM. PROC. ANN. art. 27.13. It also allows an accused to plea "in the same manner as is provided for by Articles 1.13 and 1.15" of the Code of Criminal Procedure "[i]f the plea is before the judge alone." *Id.* In turn, articles 1.13 and 1.15 concern waiving the right to a jury trial and how that can be done. Those two statutes require the waivers to be written and in open court. *See id.* art. 1.13(a) (stating "the waiver must be made in person by the defendant in writing in open court"); art. 1.15 (stating that no one can be convicted of a felony except by a jury unless the person "has in open court in person waived his right of trial by jury in writing"). That no jury was empaneled at bar is clear. Rather, the pleas were to be made "before the judge alone." Thus, article 27.13 permitted them to be made in writing. Additionally, the record indicates that appellant was present in open court when the proceeding began and the parties acceded to amending the original plea papers to include the charges encompassed by both 80,542-E and 80,544-E.

4

Admittedly, the procedure utilized by the trial court deviated from the norm. The better practice was to sojourn down the path initially mentioned by the trial court. It was to "pause a little bit and let [the parties] go ahead and prepare those papers so we can also go over those real quick." Yet, "all parties . . . agreed" to traverse the route the trial court selected. Odd as it may be, it resulted in a written plea of guilty by appellant to the offense charged in cause number 80,544-E. And, it complied with article 27.13.

The unique procedure and agreement of "all parties" also serve as the very circumstances distinguishing our situation from those in the opinions cited by appellant. Though the accused in *White v. State*, 929 S.W.2d 502 (Tex. App.—Texarkana 1996, no pet.) (*White 1*) and *White v. State*, 932 S.W.2d 593 (Tex. App.—Tyler 1995, pet. ref'd) (*White 2*) might not have entered a plea to a particular offense, in neither did "all parties" permit the trial court to correct the omission by amending existing plea papers previously signed by the accused, which plea papers contained the requisite plea of guilty. Indeed, had that been done, it is questionable whether the result in *White 1* would have been the same. This is so because prior to reversing, the *White 1* court noted the absence of written documents admitted into evidence or presented in open court manifesting White's guilty plea and triggering the alternate way in which the defendant may plead guilty under article 27.13. *See White*, 929 S.W.2d at 504 (stating that although White signed a written stipulation admitting his guilt, it was not placed in evidence or presented in open court and, therefore, could not serve as a plea of guilty under article 27.13).

As for error involving article 26.13, the document initially signed by appellant and entitled "plea memorandum" contained all but one of the admonishments mandated by the statute. Moreover, the statute permitted all but one of contemplated admonishments

5

to be made either in writing or orally. TEX. CODE CRIM. PROC. ANN. art. 26.13(d).[3] So, the amendment to the "plea papers" effectuated by the court with the agreement of "all parties" provided the requisite admonishments in relation to both cause numbers 80,542-E and 80,544-E. Simply put, the admonishments were effectively given appellant in writing per the amendment and parties' agreement. And, to the extent that appellant may suggest the admonishment contemplated by 26.13(a)(4) was only made in writing while it also should have been given orally, the record reveals that appellant was a citizen of the United States. So, failing to verbally provide it was harmless. *See Gist v. State,* No. 07-08-0030-CR, 2009 Tex. App. LEXIS 8034, at *6 (Tex. App.—Amarillo Oct. 14, 2009, no pet.) (mem. op., not designated for publication) (stating that when the record affirmatively shows the defendant is a United States citizen, the trial court's failure to admonish him in accordance with article 26.13(a)(4) is harmless).

We do note that one admonishment within the litany expressed in article 26.13 was missing in toto. It concerned informing the accused that "if placed on community supervision, after satisfactorily fulfilling the conditions of community supervision and on expiration of the period of community supervision, the court is authorized to release the defendant from the penalties and disabilities resulting from the offense as provided by Article 42A.701(f)." TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(6). This omission is of no consequence, however. As stated elsewhere in the statute, "[t]he failure of the court to

---

[3] The admonishment mentioned in article 26.13(a)(4) must be made both orally and in writing. TEX. CODE CRIM. PROC. ANN. art. 26.13(d-1). It pertains to the potential effect of a guilty plea on a non-citizen. *See id*. art. 26.13(a)(4) (stating that "the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law").

comply with Subsection (a)(6) is not a ground for the defendant to set aside the conviction, sentence, or plea." *Id.* art. 26.13(h-1).

As indicated earlier, shortcuts may cause more problems than solutions. Yet, that taken here did not render a nullity appellant's conviction upon the charge in cause number 80,544-E. We overrule his issues and affirm the trial court's judgments.

Brian Quinn
Chief Justice

Do not publish.