## J. M. SAUNDERS v. THE STATE.

1. PLEA OF GUILTY to an indictment for felony must be made in open court and by the defendant in person. It may be made orally, but must be entered of record.

2. SAME — PRACTICE. — To the validity or acceptance of such a plea in a felony case the Code of Procedure prescribes three indispensable preliminaries, viz., 1, that the defendant be admonished by the trial court of the consequences of the plea; 2, that it plainly appears

that he is sane; and 3, that he plainly appears uninfluenced by any consideration of fear, or by persuasion, or delusive hope of pardon. These prerequisites must be made manifest of record, and cannot be supplied by inference, intendment, or presumption.

APPEAL from the District Court of Erath. Tried below before the Hon. T. L. NUGENT.

The opinion discloses the case.

No brief for the appellant.

*Horace Chilton,* Assistant Attorney General, for the State.

WHITE, J. Appellant was charged by indictment in the lower court with the theft of property of the value of fifty-three dollars and fifty cents. It is recited in the judgment that the defendant pleaded "guilty" to the charge. In his instructions to the jury the judge tells them "the defendant Saunders having entered the plea of guilty, you will by your verdict find him guilty and assess his punishment at confinement in the penitentiary not less than two nor more than ten years." Defendant was found guilty, and his punishment was assessed at two years and judgment rendered accordingly.

A motion for a new trial was made and sworn to by defendant, the second ground of which in substance was that the court failed to admonish him of the consequences of pleading guilty to the indictment, and, further, that he was influenced and persuaded by his mother to plead guilty in the hope that by so doing he would get the least punishment imposed by law, and ultimately obtain a pardon from the executive. This motion is also supported by the affidavit of his mother.

With regard to the practice in felony cases, where the defendant pleads guilty, it is provided by statute that "a plea of guilty in a felony case must be made in open court

and by the defendant in person, and in such case the proceedings shall be as provided in articles 518 and 519." Code Crim. Proc. art. 534.

"Art. 518. If the defendant plead guilty he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appears that he is sane and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon, prompting him to confess his guilt.

"Art. 519. When a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon."

"Art. 538. The plea of 'guilty' and the plea of 'not guilty' may be made orally, and shall be entered of record on the minutes of the court."

It will be seen that the statute is imperative where a defendant pleads guilty to a felony, and three things are essential and must concur before he will be even permitted to do so.

1. He shall be admonished by the court of the consequences. 2. It must plainly appear that he is sane. 3. It must plainly appear that he is uninfluenced by any consideration of fear, or by any persuasion or delusive hope of pardon.

If these matters are essential and must concur to render the plea a valid one, then it seems to us that, as conditions precedent, the record should show their existence. Without their existence, in fact, the plea is no plea in law. A plea is absolutely essential to support a judgment of conviction in any criminal case; for, as has been repeatedly held, without a plea there is no issue for the jury to try or the court to determine. And so it has further been uniformly held that a judgment would be

reversed where the record failed to show affirmatively that a plea of not guilty had been entered. If it is requisite that a plea should be shown, then it is requisite that the plea shown should be a good one in law. A plea of guilty, without its concomitants, is not good. They are absolutely essential to its validity and sufficiency, and should affirmatively appear of record.

Mr. Bishop says: " Undoubtedly it is the right of a prisoner competent in understanding and acting in good faith, to plead guilty instead of denying the charge. Yet in various circumstances the court should exercise caution in receiving this plea. For example, in one capital case where the prisoner tendered it, the judges would not accept it till they had explained to him its consequences, sent him back to his cell for reflection, brought him again into court, where the indictment was read to him a second time, and there examined witnesses as to whether he was sane and whether promises of clemency had been made to him. *Commonwealth* v. *Battis*, 1 Mass. 95. Its effect is an admission by record of the truth of whatever is well alleged in the indictment. *Crow* v. *State*, 6 Texas Rep. 334. If the latter is insufficient it confesses nothing, but if good the court may proceed at once to the sentence." 1 Bish. Crim. Proc. (3d ed.) sec. 795; *Carper* v. *State*, 27 Ohio St. 572.

What the Massachusetts court felt constrained to do, in the case cited, independent of a statute to that effect perhaps, our statute requires shall be done in all felony cases. What the statute requires should be done in so important a matter as the plea in a felony case should not and cannot be left to inference, intendment or presumption; the facts which constitute the very gist of such a plea when prescribed must be made manifest of record. As a general rule it is settled that " official persons are presumed to have done their duty, and within their jurisdiction to have performed their official acts

rightly." 1 Bish. Crim. Proc. sec. 1131. But such presumptions will not be indulged with regard to the existence of a proper and sufficient plea in a felony case.

Because the record fails to show that the case was tried upon a plea of guilty, pleaded in conformity with the requirements of the statute, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*