Kenneth Ray SHIELDS, Appellant,

v.

The STATE of Texas, Appellee.

No. 66052.

Court of Criminal Appeals of Texas, Panel No. 1.

Dec. 17, 1980.

Randy Schaffer, Houston (court appointed on appeal only), for appellant.

John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for credit card abuse, where the punishment

was assessed by the court at 10 (ten) years' imprisonment.

The record reflects that on October 4, 1978, the appellant pleaded guilty to an indictment charging credit card abuse. The court heard evidence and deferred adjudication of guilt and placed the appellant on "probation" under the terms of Article 42.-12, § 3d, V.A.C.C.P., subject to certain conditions of probation including "(a) Commit no offense against the laws of this or any other State or of the United States."

■ On October 12, 1979, the State filed a second motion to adjudicate guilt alleging, inter alia, that on or about October 4, 1979 the appellant committed the offense of burglary of a habitation. Following a hearing on said motion on October 26, 1979, the court adjudicated guilt. Sentence was imposed and notice of appeal given. The appeal is taken from the original proceedings as the adjudication of guilt or revocation proceedings are not reviewable. *Williams v. State*, 592 S.W.2d 931 (Tex.Cr.App.1979); *Wright v. State*, 592 S.W.2d 604 (Tex.Cr. App.1980).

Initially appellant contends the indictment is fundamentally defective for failure to allege that he had the intent to use, sell, or transfer the credit card to a person other than the issuer or cardholder.

V.T.C.A., Penal Code, § 32.31(b)(4), provides:

"(b) A person commits an offense if:
"(1) * * *
"(4) he steals a credit card or, with knowledge that it has been stolen, receives a credit card with intent to use it, to sell it, or to transfer it to a person other than the issuer or the cardholder."

Omitting the formal parts, the indictment alleges that the appellant did

". . . unlawfully and knowingly steal a Visa credit card owned by Anita Giezentanner hereafter styled the Complainant, from the possession of the Complainant with the intent to deprive the Complainant of the property, without the effective consent of the Complainant."

It is clear that said § 32.31(b)(4) provides two modes of committing credit card abuse. One, if a person steals a credit card, and two, if a person with knowledge that it has been stolen receives a credit card with intent to use it, to sell it, or to transfer it to a person other than the issuer or cardholder.

■ The indictment alleged the first mode of committing credit card abuse. Appellant's argument is that there is only one mode in the statute of committing the offense and essential elements were omitted from the indictment. Appellant misreads the statute. See *Prodan v. State*, 574 S.W.2d 100 (Tex.Cr.App.1978). Cf. *Baldwin v. State*, 538 S.W.2d 109 (Tex.Cr.App.1976).

■ In another ground of error, appellant contends the evidence is insufficient to sustain his conviction for credit card abuse. He contends there is no evidence to show an intent to use, sell, or transfer the card to a person other than the issuer or cardholder. As explained above, there is no necessity for producing such evidence when the offense charged is under the first mode of credit card abuse provided by V.T.C.A., Penal Code, § 32.31(b)(4). The contention is overruled.

Appellant further complains the trial court erred in accepting a nolo contendere plea when it was entered by appellant's counsel and not personally by the appellant.

Appellant calls attention to Articles 26.11 and 27.13, V.A.C.C.P. Said Article 26.11 provides:

"The name of the accused having been called, if no suggestion, such as is spoken of in the four preceding Articles, be made, or being made is disposed of as before directed, the indictment shall be read, and the defendant asked whether he is guilty or not, as therein charged."

Said Article 27.13 provides:

"A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner

as is provided for by Articles 1.13 and 1.15."

We observe that said Article 26.11 is found in the chapter of the Code of Criminal Procedure on arraignment and details part of the procedure to be conducted in connection therewith. It does not control directly the procedure in a guilty plea. Article 27.13 does.

In open court the trial court made certain inquiries of the appellant personally and of his counsel. Thereafter, before the court asked for a plea, the record reflects:

"MR. NEWMAN (defense counsel): The plea is a nolo contendere plea.

"THE COURT (addressing the appellant): All right. Has anybody promised you anything or threatened you in any way to make you enter *this* plea?

"KENNETH SHIELDS (appellant): No.

"THE COURT: You're doing it voluntarily, is that correct?

"KENNETH SHIELDS: Yes." (Emphasis supplied.)

While undoubtedly it would have been far better practice for the court to have inquired of the appellant personally as to his plea, we conclude that the circumstances, without reiterating the same, are sufficient to show a compliance not only with the spirit but with the letter of Article 27.13, supra. Appellant's contention is overruled.

Appellant further urges that his plea of nolo contendere was involuntary because the trial court failed to admonish him of the consequences of a deferred adjudication of guilt. See Article 26.13, V.A.C.C.P. Long before the advent of the deferred adjudication procedure, we held that Article 26.13, V.A.C.C.P., did not require the trial judge to admonish a defendant, upon his plea of guilty or nolo contendere, as to his right to probation, etc. *Wilson v. State*, 436 S.W.2d 542 (Tex.Cr.App.1968); *Brown v. State*, 478 S.W.2d 550 (Tex.Cr.App.1972).

We find no reason to now interpret the statute as to require the court to admonish as to the consequences of deferred adjudication before accepting a plea of guilty or nolo contendere although a trial judge is certainly free to do so.

We further observe that before the appellant was released on deferred adjudication the consequences of the same were explained to him by the trial court.

Appellant's contention is overruled.

Lastly, appellant complains there was no evidence to support the determination of the trial judge to proceed with an adjudication of guilt on the original charge.

On October 12, 1979, the State filed an amended motion to adjudicate guilt alleging the commission of a burglary of a habitation by appellant on or about October 4, 1979. A hearing was conducted with regard to said motion on October 26, 1979. Appellant entered a plea of "not true."

The appellant notes that the complainant and her daughter testified that the burglary occurred on November 4, 1979, a date which had not occurred at the time of the hearing. An examination of the testimony shows that the prosecutor in framing his questions to the complainant and her daughter used the date of November 4 and they affirmed the fact that a burglary had occurred. We further observe that Jesse Keyes, a neighbor, testified the burglary occurred on October 4, and he identified the appellant as the man who entered the complainant's home. Officer S. R. Benevides of the Houston Police Department testified he responded to a burglary in progress call on October 4, 1979 at the address in question and arrested the appellant. There is other evidence that the burglary occurred on October 4, 1979 and the trial judge so found after the hearing. The State claims the date of "November 4, 1979" was a typographical error of the court reporter, noting that the transcription of the court reporter's notes reflects the hearing on the motion to adjudicate was held on August 26, 1979, before the motion was even filed and contrary to the judgment and docket sheet and other evidence which reflect that the hearing was in fact conducted on October 26, 1979.

928

Be all of this as it may, the appellant has no right of appeal or review from an adjudication of guilt. *Williams v. State*, 592 S.W.2d 931 (Tex.Cr.App.1979); *Wright v. State*, 592 S.W.2d 604 (Tex.Cr.App.1980).

The ground of error is not before us for review.

The judgment is affirmed.