TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-94-00701-CR

Richard Michael Ramirez, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT

NO. CR91-139, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING

PER CURIAM

 In April 1991, the district court found that the evidence substantiated appellant's
guilt of felony theft by receiving, deferred further proceedings, and placed appellant on probation. 
In October 1994, the court revoked appellant's probation on the State's motion, adjudicated him
guilty, and assessed punishment at imprisonment for five years.

 In his only point of error, appellant contends the conviction is void because he did
not make his guilty plea in person in open court. Tex. Code Crim. Proc. Ann. art. 27.13 (West
1989). The transcript contains a written guilty plea memorandum by which appellant
acknowledged and waived his various rights and stated that is was his "desire to enter a plea of
guilty." At trial, the district court told appellant that "you're pleaded [sic] guilty to the offense
of possession of stolen property," admonished him of the range of punishment, and asked him if
he understood the "consequence of the plea." Appellant stated that he did. The court also asked
appellant if anyone "has threatened you to make this plea" and if anyone "has promised you any
reward for making this plea." To both of these questions, appellant answered, "No, sir." Asked
once again if he understood the consequences of his plea, appellant answered in the affirmative.

 Although appellant did not orally announce his guilty plea in open court, the
colloquy between appellant and the court was sufficient to comply with article 27.13. Shields v.
State, 608 S.W.2d 924, 927 (Tex. Crim. App. 1980); Munoz v. State, 840 S.W.2d 69, 73 (Tex.
App.--Corpus Christi 1992, pet. ref'd). Appellant argues that Shields is distinguishable because,
in that case, the defendant's attorney made the guilty plea on his behalf. As we understand
Shields, however, it was the conversation between the court and the defendant that satisfied article
27.13. The point of error is overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 20, 1995

Do Not Publish