Eusebio Soloranzo **COSTILLA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–01–132 CR.

Court of Appeals of Texas, Beaumont.

Submitted May 16, 2002.

Decided Aug. 14, 2002.

Ernest Barrientos, Conroe, for Appellant.

Michael A. McDougal, Dist. Atty., Marcia Tillman, Gail Kikawa McConnell, Asst. Dist. Attys., Conroe, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Eusebio Soloranzo Costilla appeals his conviction for the third degree felony offense of driving while intoxicated. Costilla was sentenced to five years of incarceration in the Texas Department of Criminal Justice, Institutional Division, following a non-negotiated guilty plea to the court. He presents four points of error.

Point of error one contends that the appellant's conviction must be reversed because the trial court failed to substantially comply with Article 27.13 of the Texas Code of Criminal Procedure. In a felony case, a plea of " 'guilty' ... must be made in open court by the defendant in person[.]" TEX.CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989). Costilla, a Spanish-speaking Mexican national, did not speak at all during the initial plea hearing. Al-

though Costilla was present, when the trial court asked, "How does he plea?", it was defense counsel who responded, "Guilty, your Honor."

■ Because this error is raised for the first time on appeal, we must first determine whether the issue involves a right that is subject to procedural default. *See Marin v. State,* 851 S.W.2d 275, 279 (Tex. Crim.App.1993), *overruled in part on other grounds by Cain v. State,* 947 S.W.2d 262, 264 (Tex.Crim.App.1997). The failure to enter any plea at all would, apparently, void the conviction, because without a plea no issue is joined. *See Pate v. State,* 21 Tex.App. 191, 17 S.W. 461, 462–63 (1886); *Jefferson v. State,* 24 Tex.App. 535, 7 S.W. 244, 245 (1888). Although not mentioned in the "short list" of void judgments more recently recognized by the Court of Criminal Appeals, if the procedural error in taking the plea prevented jeopardy from attaching to the proceeding, such an error would not be subject to procedural default. *See Nix v. State,* 65 S.W.3d 664, 668 (Tex. Crim.App.2001).

The intermediate courts have split on the effect of a guilty plea that is entered by counsel on defendant's behalf, in defendant's presence but in contravention of Article 27.13. The Texarkana Court of Appeals held the conviction was void. *White v. State,* 929 S.W.2d 502, 504 (Tex. App.-Texarkana 1996, no pet.). The San Antonio Court of Appeals disagreed, and held that although it entered a voidable judgment, the trial court had jurisdiction over the cause. *See Martinez v. State,* 5 S.W.3d 722, 725–26 (Tex.App.-San Antonio 1999, no pet.).[1]

■ The fact that the guilty plea is uttered by counsel rather than the defendant

---

1. Both opinions concerned plea-bargain cases decided prior to *White v. State,* 61 S.W.3d 424, 429 (Tex.Crim.App.2001).

does not mean that the subsequent proceedings are invariably void. Where the defendant was present in court while his attorney entered the plea for him, the Court of Criminal Appeals found compliance "not only with the spirit but with the letter of Article 27.13 . . . ." *Shields v. State*, 608 S.W.2d 924, 927 (Tex.Crim.App. 1980). Although he did not speak when asked for his plea, in *Shields* the defendant answered affirmatively when the trial judge asked him if his plea was voluntary. *Id.* From this, we gather that Article 27.13 is complied with, regardless of who actually speaks, so long as it occurs in open court, in the presence of the defendant, who acknowledges the plea as his. *See also Manoy v. State*, 7 S.W.3d 771, 778 (Tex.App.-Tyler 1999, no pet.).

█ Given Costilla's silence throughout the hearing, can we determine from the record that Costilla personally entered his plea? Costilla appeared in person at the hearing and also executed written statements and waivers that clearly indicate he pleaded guilty at the hearing. In those papers, which were translated into Spanish by defense counsel, Costilla waived any rights, "[u]nder Art. 1.14," secured to him by law. *See* Tex.Code Crim. Proc. Ann. art. 1.14 (Vernon Supp.2002). Unfortunately, defense counsel was apparently acting as his interpreter during that first hearing, and all communications with the court passed through counsel. Costilla does not speak English and therefore may not have been able to understand or communicate with the court. Nevertheless, Costilla's affidavit, attached to his amended motion for new trial, which he filed after new counsel was appointed, is silent regarding that first hearing. In his affidavit Costilla claims: (1) that he was requesting probation and (2) that he thought he would get a two to three year sentence. Conspicuously absent from his affidavit is any claim that Costilla thought he had not entered a plea or had pleaded not guilty and asked for a jury trial. From his comments in the presentence investigation report, during the sentencing hearing, and on motion for new trial, we are confident in concluding that Costilla was aware that he was pleading guilty and that he would be convicted without contesting his guilt for the offense. Point of error one is overruled.

█ Point of error two contends that the judgment must be reversed because the trial court "did not comply with the standard plea colloquy with the defendant in direct violation of Article 26.13(a), rendering the plea, if any, involuntary." Substantial compliance with Article 26.13 exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. *See Hughes v. State*, 833 S.W.2d 137, 139–40 (Tex.Crim.App. 1992). Costilla concedes that he signed a written waiver of oral admonishments and that he received written admonishments. Those admonishments were translated into Spanish for him by trial counsel. Before the trial court accepted the plea, trial counsel assured the trial court that Costilla understood the admonishments. Costilla argues that it was improper for the trial court to accept his waiver of oral admonishments because the appellant struck out the line that stated, "I am totally satisfied with the representation provided by my counsel and I received effective and competent representation." He further argues that the trial court should have *sua sponte* appointed an interpreter rather than permit counsel to act as a translator.

█ Costilla failed to meet his burden to show that he entered the plea without understanding the consequences of his action and that he suffered harm. *See Eatmon v. State*, 768 S.W.2d 310, 311–12 (Tex.

Crim.App.1989). Costilla argues that his case falls within the exception for error that is not susceptible to a harm analysis because of the lack of dialogue in the record. *See Cain*, 947 S.W.2d at 264. We disagree. In his amended motion for new trial and attached affidavit, Costilla only complained of counsel's representation in the later sentencing hearing. Likewise, a letter Costilla wrote to the court did not mention the plea hearing. Costilla never identified any admonishment that was not communicated to him, although he had the opportunity to do so, either in the sentencing hearing or in his motion for new trial affidavit. Regardless of the extent of Costilla's dissatisfaction with his attorney, he has not connected any act or omission by the attorney to the plea proceeding. Point of error two is overruled.

■ Point of error three contends that Costilla was denied effective assistance of counsel at the "punishment phase" of the trial. In his appellate brief, Costilla limits his complaints to counsel's performance during the sentencing hearing. The appellant's brief on this point of error does not address counsel's performance during the initial plea proceeding. To show ineffective assistance of counsel, an appellant must demonstrate counsel's representation fell below an objective standard of reasonableness based on prevailing professional norms, and that, but for counsel's errors, there is a reasonable probability the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State*, 988 S.W.2d 770 (Tex.Crim.App.1999). Any allegation of ineffective assistance must be firmly founded in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex.Crim.App. 1999). The presumption of reasonable effectiveness cannot ordinarily be overcome absent evidence in the record of the attorney's reasons for his conduct. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim.App.1994).

■ During the sentencing hearing, Costilla stated that he wanted probation. Defense counsel proceeded to question Costilla about his preference for community supervision, which would require Costilla to prove monthly that he was not drinking, and the possibility of instead asking for a short term of imprisonment. On appeal, Costilla complains that counsel failed to argue for probation. We do not have the benefit of a hearing in which counsel explains why he did not argue strenuously for a term of community supervision. It could be that he realized such a request would be futile. According to the presentence investigation report, Costilla admitted to having a drinking problem, had many prior incidents of driving while intoxicated, failed to successfully complete probation in the past, had twice been sentenced to prison terms for felony driving while intoxicated, and continued to drink after the first hearing in this case. Point of error three is overruled.

■ Point of error four urges that the appellant was denied conflict-free representation during the sentencing hearing. "In order for a defendant to demonstrate a violation of his right to the reasonably effective assistance of counsel based on a conflict of interest, he must show (1) that defense counsel was actively representing conflicting interests, and (2) that the conflict had an adverse effect on specific instances of counsel's performance." *Ex parte Morrow*, 952 S.W.2d 530, 538 (Tex. Crim.App.1997) (citing *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). The "actual conflict" asserted on appeal is the conflict between the appellant's desire for probation and defense counsel's "own goal and interest, which was that his client should go to prison."

Costilla mentions that trial counsel was aware that his client was unhappy with the lack of progress in the case, but Costilla does not explain what interest of defense counsel conflicted with the defendant's interests. Although he vaguely hints at a financial motive for ending the case quickly, nothing in the record suggests that defense counsel would receive a pecuniary benefit from any particular outcome of the case.

The appellant fails to demonstrate that trial counsel was required to make a choice between advancing his client's interest in a fair trial or advancing his own interest, pecuniary or otherwise. *See generally Monreal v. State*, 947 S.W.2d 559, 565 (Tex.Crim.App.1997) (Defense counsel's inartful questioning about plea bargain negotiations did not create a conflict of interest where none otherwise existed). There may have been discord between attorney and client, but no conflict of interest has been exposed. Point of error four is overruled. The judgment is affirmed.

AFFIRMED.

DON BURGESS, Justice, dissenting.

I vigorously dissent to issues one. and two. I reluctantly concur with issues three and four. This case has several troubling issues. First, a few chronological events. The indictment was returned to the 410th District Court of the Honor-

able K. Michael Mayes on August 22, 2000. In September, 2000, Judge Mayes, Costilla and attorney George Renneberg signed a scheduling order. On September 12, 2000, Renneberg filed a "Motion to Appoint Translator"[1] alleging Costilla "speaks the Spanish language." On September 26, 2000, Costilla filed a letter requesting to change lawyers. On January 12, 2001, Costilla and Renneberg appeared before the Honorable Lee Alworth, a senior judge assigned to Montgomery County, for the guilty plea. On February 27, 2001 a presentence investigation was filed. On March 2, 2001, the punishment hearing was conducted before the Honorable Charles Hearn, a senior judge assigned to Montgomery County. On March 9, the judgment was signed by Judge Alworth. On March 22, 2001 Renneberg filed a motion for new trial and appointment of new counsel, along with a motion to withdraw as counsel. That same day, Costilla writes a second letter to Judge Mayes complaining of Renneberg. On March 26, 2001, Judge Mayes granted the motion to withdraw and appointed Ernest Barrientos as new counsel. On April 2, 2001, Barrientos filed an amended motion for new trial. On April 25, 2001, Judge Hearn heard, and denied, the motion for new trial.

### The Article 27.13[2] Issue

At the guilty plea, the dialog was only between the judge and Renneberg. Un-

---

1. The Texas Code of Criminal Procedure provides, in part:

    **Art. 38.30. Interpreter**
    (a) When a motion for appointment of an interpreter is filed by any party or on motion of the court, in any criminal proceeding, it is determined that a person charged or a witness does not understand and speak the English language, an interpreter must be sworn to interpret for him. Any person may be subpoenaed, attached or recognized in any criminal action or proceeding, to appear before the proper judge or court to act as interpreter therein, under the same

rules and penalties as are provided for witnesses. In the event that the only available interpreter is not considered to possess adequate interpreting skills for the particular situation or the interpreter is not familiar with use of slang, the person charged or witness may be permitted by the court to nominate another person to act as intermediary between himself and the appointed interpreter during the proceedings.
    Tex.Code Crim. Proc. Ann. art. 38.30(a) (Vernon Supp.2002).

2. Article 27.13 provides, "A plea of 'guilty' or a plea of 'nolo contendere' in a felony case

like the cases cited by the majority,[3] Costilla was never questioned by the judge nor asked to validate any of Renneberg's assertions to the court. Furthermore, the judge never asked Renneberg to "translate" any questions to Costilla. This, in my opinion, is not substantial compliance with article 27.13. *Accord Mendez v. State,* 892 S.W.2d 81, 82–84 (Tex.App.-Texarkana 1994), *rev'd on other grounds,* 914 S.W.2d 579 (Tex.Crim.App.1996).

The majority unfairly chides Costilla when they note "[c]onspicuously absent from his affidavit is any claim that Costilla thought he had not entered a plea or had pleaded not guilty and asked for a jury trial." The first amended motion for new

trial, along with the affidavit, was filed April 2, 2001, yet the reporter's record of the guilty plea was not certified until September 4, 2001. Apparently the majority either requires Barrientos, Costilla's new counsel, to be clairvoyant or for Costilla to be knowledgeable of article 27.13 and its legal ramifications. The legal deficiencies of the guilty plea could not have been discovered by Barrientos until he reviewed the reporter's record of that hearing.

I would sustain issue one.

### The Article 26.13 [4] Issue

The majority also finds substantial compliance with article 26.13 because Costilla executed a "written waiver of oral

---

must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14 and 27.02. If the plea is before the judge alone, same may be made in the same manner as is provided for by Articles 1.13 and 1.15." TEX. CODE CRIM. PROC. ANN. art. 27.13 (Vernon 1989).

**3.** *See Shields v. State,* 608 S.W.2d 924, 927 (Tex.Crim.App.1980)("In open court the trial court made certain inquiries of the appellant personally and of his counsel"), and *Manoy v. State,* 7 S.W.3d 771, 778 (Tex.App.-Tyler 1999, no pet.) ("Appellant responded affirmatively when asked whether it was his understanding that he was 'pleading guilty to the indictment as read by the District Attorney.' Appellant also responded affirmatively to questions asking whether he understood that a jury would not decide issues with regard to his guilt or innocence and whether he understood that the only issue to be decided was one of punishment for 'pleading guilty to the offense as alleged in the indictment.' ")

**4.** TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.2002), provides:

**Art. 26.13. Plea of guilty**

(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

(1) the range of the punishment attached to the offense;

(2) the fact that the recommendation of the prosecuting attorney as to punishment is not

binding on the court. Provided that the court shall inquire as to the existence of any plea bargaining agreements between the state and the defendant and, in the event that such an agreement exists, the court shall inform the defendant whether it will follow or reject such agreement in open court and before any finding on the plea. Should the court reject any such agreement, the defendant shall be permitted to withdraw his plea of guilty or nolo contendere;

(3) the fact that if the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, the trial court must give its permission to the defendant before he may prosecute an appeal on any matter in the case except for those matters raised by written motions filed prior to trial;

(4) the fact that if the defendant is not a citizen of the United States of America, a plea of guilty or nolo contendere for the offense charged may result in deportation, the exclusion from admission to this country, or the denial of naturalization under federal law; and

(5) the fact that the defendant will be required to meet the registration requirements of Chapter 62, if the defendant is convicted of or placed on deferred adjudication for an offense for which a person is subject to registration under that chapter.

(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

admonishments and that he received written admonishments." It is true there is a document in the record entitled "Admonishments, Statements and Waivers" that contains markings indicating Costilla fully understood the various admonitions, statements and waivers. Included in this document is a statement indicating Costilla understood only Spanish and that Renneberg had explained the document to Costilla in that language. Also included in the document is a preprinted statement dealing with satisfaction of representation by the attorney. This preprinted statement was lined through; yet there was no inquiry by the judge concerning this deletion. However, there is a letter from the State, filed with this court, which indicates the line through was made by Renneberg, without confirmation by Costilla. In any event, this should have put the judge on notice of potential problems; problems that could have been avoided by asking Costilla about the written admonishments.

### The Translator Issue

This is really the central issue of this entire appeal. The record is unclear about the language skills of Costilla, but there is adequate information to determine his first language was Spanish. Even the majority acknowledges "Costilla does not speak English". Renneberg, had filed a "Motion to Appoint Translator" (see footnote 1) alleging Costilla "speaks the Spanish language." There is a document in the record entitled "Admonishments, Statements and Waivers" that contains a statement indicating Costilla understood Spanish and that Renneberg had explained the document to Costilla in that language. The pre-sentence investigation was conducted in Spanish. There was a translator present for the punishment hearing.

The right to have a translator is firmly entrenched in our jurisprudence. In *Baltierra v. State*, 586 S.W.2d 553, 559 (Tex. Crim.App.1979) (footnote omitted), the Court stated:

> Accordingly we hold that when it is made known to the trial court that an accused does not speak and understand the English language an interpreter must be furnished to translate to the accused the trial proceedings, including particularly testimony of the witnesses

(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court.

(d) The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

(e) Before accepting a plea of guilty or a plea of nolo contendere, the court shall inquire as to whether a victim impact statement has been returned to the attorney representing the state and ask for a copy of the statement if one has been returned.

(f) The court must substantially comply with Subsection (e) of this article. The failure of the court to comply with Subsection (e) of this article is not grounds for the defendant to set aside the conviction, sentence, or plea.

(g) Before accepting a plea of guilty or a plea of nolo contendere and on the request of a victim of the offense, the court may assist the victim and the defendant in participating in a victim-offender mediation program.

(h) Before accepting a plea of guilty or nolo contendere from a defendant described by Subsection (a)(5), the court shall ascertain whether the attorney representing the defendant has advised the defendant regarding registration requirements under Chapter 62.

(i) Notwithstanding this article, a court shall not order the state or any of its prosecuting attorneys to participate in mediation, dispute resolution, arbitration, or other similar procedures in relation to a criminal prosecution unless upon written consent of the state.

presented by the State. In the absence of the opportunity to be aware of the proceedings and the testimony of the witnesses against her, appellant was denied the constitutional right of confrontation and, that right not being knowingly and intelligently waived, her trial and conviction are null and void.

In *Hernandez v. State,* 862 S.W.2d 193, 197 (Tex.App.-Beaumont 1993, pet. ref'd), this court said:

By the denial of appellant's motion for an interpreter, appellant is being penalized because he understands and speaks *some* English. The record is woefully deficient as to any meaningful inquiry into appellant's understanding of English as it relates to criminal proceedings. The participants below were more concerned about the cost of the translator than the plight of the non-English speaking defendant. We hold the trial court committed reversible error in refusing appellant's request for a translator without first determining appellant's understanding of English as it relates to criminal proceedings.

Had there been a proper translator[5] at the guilty plea, the first two issues, and perhaps all the issues, raised by Costilla would be non-existent. I believe the "guilty plea" judge should have appointed Costilla a translator, as the motion requested (and as the "punishment" judge did) and this failure was reversible error. *See Hernandez,* 862 S.W.2d at 197.

Therefore, I would sustain issue two.

### Ineffective Assistance of Counsel and Conflict Issue

A first-year law student could have predicted this appellate issue; yet it was almost completely ignored at the trial level. Costilla had written a letter to the court complaining about Renneberg *prior* to the guilty plea. The "I am totally satisfied with the representation provided by my counsel" was lined through in the plea papers. Yet no inquiry was made about the issue during the guilty plea. On March 2, 2001, Renneberg filed an "Attorney Fees Expense Claim" which was approved by Judge Alworth. Within that form is the notation "client quite unhappy w/ lack of progress in doing it his way." This is the same day as the punishment hearing, but again, there is no inquiry.

The next instance of the issue arising is in the amended motion for new trial filed by Barrientos. Amazingly, Judge Hearn would not allow an evidentiary hearing on the issue.[6] It is unquestioned that a motion for new trial is a proper vehicle for raising ineffective assistance of counsel. *See Reyes v. State,* 849 S.W.2d 812, 815 (Tex.Crim.App.1993). This court has consistently urged appellants to make a proper record. *See State v. Pilkinton,* 7 S.W.3d 291, 293 (Tex.App.-Beaumont 1999, pet. ref'd); *Clark v. State,* 952 S.W.2d 882, 890 (Tex.App.-Beaumont 1997, no pet.). Without such an evidentiary hearing, the presumption of reasonable effectiveness cannot be overcome. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). However, in overruling the motion for new trial without allowing evidence on the issue, Judge Hearn effectively precluded resolution of the issue on direct appeal and increased the likelihood of litigation through a post-conviction writ of habeas corpus. *See Thompson v. State,* 9 S.W.3d 808, 814–15 (Tex.Crim.App.1999).

---

**5.** The record is absolutely devoid of the qualifications of Mr. Renneberg to be a translator.

**6.** No appellate issue is raised concerning this. Had it been, an abatement for a hearing would be appropriate. *See Morse v. State,* 29 S.W.3d 640, 641–42 (Tex.App.-Beaumont 2000, no pet.).

Consequently, I concur with the majority that this court cannot determine the issue because there is an inadequate record. Thus I too would sustain issues three and four.

No one can seriously question the guilt of Eusebio Costilla, but that is not the point. The point is there are certain procedures that should and must be followed to insure the integrity of the system. I believe the procedures used in this case fall below that standard and reflect poorly upon our system. This court should reverse the cause and remand for a new trial.