NO. 07-03-0321-CR
NO. 07-03-0322-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2004

_____

JASON LAWSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-438439 & 2001-438400; HONORABLE JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

After appellant Jason Lawson entered open pleas, the trial court found him guilty

of three counts of aggravated robbery[1] and assessed concurrent 50 year sentences. By

---

[1]Appellant was charged with one count of aggravated robbery in cause number
2001-438439 and two counts of aggravated robbery in cause number 2001-438400. The

two issues, appellant maintains he did not enter pleas to the charges; thus the resulting convictions are void and violate his rights to due process. We affirm.

On June 2, 2003, appellant appeared in open court with his attorney to enter open pleas in each of these cases. After swearing appellant in as a witness, the trial court engaged him in the following pertinent discussion:

* * *

Court: It has been indicated to the Court that [appellant] is going to enter an open plea in Cause Numbers 2001-438,439 and 2001-438,400 . . . .

Court: Do you understand that in *both* of these cases, that the offense of aggravated robbery is a first-degree felony in the State of Texas?

Defendant: Yes. Sir.

* * *

Court: Do you understand, also, that by entering a plea of guilty to *these offenses* that there will be a finding of a deadly weapon in that you used a firearm in *both* of these cases? Do you understand that?

Defendant: Yes, sir.

Court: Secondly, you understand that because of the fact that *you are pleading* to the Court, the Court cannot consider probation in this case. Do you understand that?

Defendant: Yes, sir.

cases were consolidated at trial, and appellant challenges the convictions jointly on appeal. Likewise, we will consider the cases simultaneously.

2

*  *  *

Court:          Do you feel that you have been able to communicate with [your attorney] about these charges and make decisions with regard to *your plea* here today?

Defendant:      Yes, sir.

Court:          You have also indicated that *your plea* is being given freely and voluntarily and that nobody threatened, coerced, intimidated, forced, tricked, persuaded, or otherwise induced you to enter into this plea.  Are you telling the Court that *you are entering your plea* freely and voluntarily?

Defendant:      Yes, sir.

Court:          Do you feel that you know what you are doing?

Defendant:      Yes, sir.

Court:          Do you feel that you have had ample opportunity to visit with your attorney about the matter prior to entering *your plea* here today?

Defendant:      Yes, sir.

Court:          And you have also indicated that nobody made you any promises to induce you to enter into the plea; is that correct?

Defendant:      Yes, sir.

*  *  *

Court:          And you are also waiving your right – what is called your right against self-incrimination, and do you understand that by entering a plea of guilty to these allegations, that means that you are admitting that these allegations are true; do you understand that?

3

| | |
|---|---|
| Defense Attorney: | *He is pleading nolo*, Your Honor. |
| Court: | Okay. |
| Defense Attorney: | I am sorry. I think the papers reflect either a guilty plea or a nolo. |
| Prosecutor: | I will make sure that the final judgments, Your Honor, reflect nolo. |
| Court: | The Court will accept *your plea* of nolo contendere as to both of these cases, and you may have a seat. |

* * *

(Emphasis added). In addition to the foregoing admonitions, appellant received, as evidenced by his signature, written admonishments regarding the consequences of his plea of guilty or nolo contendere. In those admonitions, among other things, he acknowledged that his "plea of guilty or nolo contendere [was] being given freely and voluntarily" and that "[n]o one [had] threatened, coerced, intimidated, forced, tricked, persuaded or otherwise induced [him] to enter his plea."

By his first issue, appellant asserts that he "did not enter any plea; none was requested by the court, and none was given." Absent a plea, claims appellant, "the court was not authorized to proceed to a punishment hearing, and the resulting convictions, judgments, and sentences are a [sic] null and void." We disagree. Article 27.13 of the Code of Criminal Procedure provides: "A plea of 'guilty' or 'nolo contendere' in a felony

4

case must be made in open court by the defendant in person . . . ." (Vernon 1989).[2] A defendant, however, can enter a guilty plea in a felony case through his attorney as long as the defendant is present at the time of the plea and the plea is voluntary. Shields v. State, 608 S.W.2d 924, 927 (Tex.Cr.App. 1980). In other words, we will review the trial court's actions to determine if it substantially complied with the edicts of article 27.13. *See id.* Article 27.13 is complied with, regardless of who actually speaks, so long as it occurs in open court, in the presence of the defendant, who acknowledges the plea is his. Costilla v. State, 84 S.W.3d 361, 364 (Tex.App.–Beaumont 2002, pet. granted); *but see* Mendez v. State, 892 S.W.2d 81, 83 (Tex.App.–Texarkana 1994)(holding that mere fact of appellant's presence while his attorney stated a plea is insufficient to comply with the requirements of the Code), *rev'd on other grounds*, 914 S.W.2d 579 (Tex.Cr.App. 1996).

Here, we conclude the trial court substantially complied with article 27.13 when it accepted appellant's attorney's assurance that appellant was "pleading nolo." Appellant acknowledged that plea as his own when, throughout the plea colloquy, he affirmatively responded to the trial court's queries concerning his understanding of the consequences of "your plea." Furthermore, there is nothing in the record to indicate that appellant was confused. Adkison v. State, 762 S.W.2d 255, 259 (Tex.App.–Beaumont 1988, pet. ref'd). Indeed, it appears from the record detailed above that appellant fully understood the proceedings. And, when questioned about the voluntariness of his plea, he affirmatively

---

[2]All references to articles are to the Code of Criminal Procedure unless otherwise indicated. (Vernon 1989).

5

replied that no one made him any promises to induce him to enter into the plea, and that he was pleading freely and voluntarily.

We have not overlooked appellant's reference to White v. State, 932 S.W.2d 595 (Tex.App.–Tyler 1995, pet. ref'd). However, because *White* is factually distinguishable from the cases under review here, *White* is not controlling. In *White*, after the State announced that it was abandoning one of the counts of the indictment, the appellant then pleaded guilty to the remaining count. Later in the hearing, the State announced that it had misstated the terms of the plea bargain, which contemplated the appellant's conviction on both counts. The trial court then failed to secure appellant's plea to the remaining count of the indictment.

Here, in contrast to the *White* case, it was clear from the outset of the plea colloquy that appellant intended to make open pleas to all three counts. Indeed, when appellant's attorney advised the trial court that his client was "pleading nolo," it was in response to the court's admonition that by pleading appellant would be admitting that the allegations were true. In short, the record demonstrates that appellant acknowledged his attorney's plea of nolo as his own as to each count with which he was charged. Although the better practice would have been for the trial court to inquire of appellant personally as to his pleas, we conclude that "the circumstances are sufficient to show a compliance not only with the spirit but with the letter of article 27.13." *Shields*, 608 S.W.2d at 927. Appellant's first issue is overruled.

6

By his second issue, appellant contends "[t]he trial court's error in accepting a plea, when [he] failed to make one, violated [his] right to due process of law under the Fourteenth Amendment to the United States Constitution." Apart from making that declaration in the presentation of his issues, however, appellant wholly fails to present any argument or authority to support his position. Thus, he presents nothing for our review. *See* Tex. R. App. P. 38.1(h) (requiring appellant's brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record); Jackson v. State, 50 S.W.3d 579, 591 (Tex.App.--Fort Worth 2001, pet. ref'd) (holding that the defendant waived his right to complain on appeal by failing to present any argument or authority supporting his point of error). Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.


Don H. Reavis
Justice

Do not publish.