IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 1901-02






EUSEBIO SOLORANZO COSTILLA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


MONTGOMERY COUNTY





 Holcomb, J., delivered the opinion of the Court, in which Keller, P.J.,
Meyers, Price, Johnson, Keasler, Hervey, and, Cochran, JJ, joined. Womack, J.,
concurred in the result. 


 

O P I N I O N 
 



 We granted review to determine whether the court of appeals erred in holding that strict compliance
with Article 27.13 of the Texas Code of Criminal Procedure was not required in this case. Appellant
argues his conviction is void because the trial court did not obtain an oral plea from him or otherwise failed
to interact with him personally, thus rendering his guilty plea involuntary. We affirm the judgment of the
appellate court. 


I. Relevant Facts Appellant was indicted for felony driving while intoxicated. (1) Appellant is an alien and claims he
does not speak English. A hearing was held to accept his guilty plea. No plea bargain agreement had been
negotiated.

 The Plea Hearing

 Appellant appeared in person with trial counsel George Renneberg, who is bi-lingual. No
interpreter was present. (2) Trial counsel informed the court that appellant would enter a plea only as to guilt,
and punishment would be tried to the court. The following transpired:

THE COURT: Advise your client that he has been charged with driving while intoxicated, a felony.


MR. RENNEBERG: He understands, Your Honor.


THE COURT: How does he plea?


MR. RENNEBERG: Guilty, your Honor.


THE COURT: All right. Have you explained the range of punishment to him?


MR. RENNEBERG: Yes, sir, your Honor, I have.


THE COURT: And does he understand it?


MR. RENNEBERG: He understands the range of punishment part of this offense, yes.


THE COURT: I'm going to cut everything short here. I've got these and I'm going to address my
questions to you.


MR. RENNEBERG: Very well, sir.


THE COURT: This admonishment, statements and waivers forms, every paragraph where your
client has signed his name out beside it, did you discuss those with him?


MR. RENNEBERG: Yes, sir, I did translate[] those from English into Spanish and secured at least an
acknowledgment of understanding from Mr. Costilla in each case. And in those
instances where there is a full signature rather than merely initials, those are the
signature of my client; I've witnessed them being made.


THE COURT: Okay.


STATE'S COUNSEL: State would - -


THE COURT: I'm going to accept his plea of guilt.


STATE'S COUNSEL: State requests the stipulation and admonishments being made.


THE COURT: Do you have any objections to the stipulations of the evidence, the admonishment
statements and waivers?


MR. RENNEBERG: No, Your Honor.


THE COURT: They'll be admitted. As far as your agreement with the State, at this point, it involves a
finding of guilty and then to put it off for punishment to another date or do I withhold the
finding of guilt also?


MR. RENNEBERG: That has not been specifically addressed, your Honor, but it's not significant
because my client cannot get deferred adjudication. A finding of guilt would be
appropriate at this time.


STATE'S COUNSEL: Yes. Correct.


THE COURT: Then, I find you guilty of driving while intoxicated, subsequent offense.


 Appellant also submitted plea documents in which he stipulated to the evidence, admitted guilt, and
acknowledged that he understood the admonishments. (3) The documents further reflect that trial counsel
explained the stipulations to appellant and he intelligently signed the same.

 The Punishment Hearing

 An interpreter translated the punishment hearing into Spanish. Appellant did not respond when trial
counsel asked him if he had pleaded guilty to the offense. But, when asked, "What do you want the Judge
to do with you?" appellant replied in English, "Probation." After hearing this statement, the trial court
sentenced appellant to five years in prison. The trial court prefaced its sentencing with "upon your plea of
guilty earlier, this Court is now going to find you guilty of driving while intoxicated a subsequent offense,
a felony." The trial court further admonished appellant of the immigration consequences of his plea and
asked, "You understand that?" In response, the record reflects that appellant nodded his head
affirmatively. Although all communications at this proceeding were translated, appellant did not complain
of the trial court's failure to obtain an oral guilty plea or interact with him at the prior hearing. 

 The Motion for New Trial

 Appearing by and through newly appointed counsel, appellant complained that Mr. Rennenberg
was ineffective because he tricked appellant into pleading guilty, or otherwise promised that appellant
would be sentenced to fewer than three years. To support his claim of ineffective assistance of counsel,
appellant attached an affidavit swearing to the allegations, but the court refused to rule on the motion, and
it was subsequently overruled by operation of law. The relevant point here is, appellant made no reference
to or any complaint of the trial court's failure to obtain an oral guilty plea in the motion or the affidavit. 

II. Discussion

 As a preliminary matter, we note that the court of appeals found that the issue was reviewable
despite appellant's failure to raise the complaint in the trial court. However, we granted review to
determine the substance of the issue, and we decline to address whether the complaint is procedurally
barred. (4)

 As to the substantive matter, the court of appeals found that the trial court's failure to secure an oral
plea from appellant personally, did not offend Article 27.13, which provides in its entirety: 

A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be
made in open court by the defendant in person; and the proceedings shall
be as provided in Articles 26.13, 26.14, and 27.02. If the plea is before
the judge alone, same may be made in the same manner as provided for
by Articles 1.13 and 1.15. 

 

Tex. Code Crim. Proc. Ann. art. 27.13 (Vernon 1989).

 Relying on our opinion in Shields v. State, the appellate court concluded that "Article 27.13 is
complied with, regardless of who actually speaks, so long as it occurs in open court, in the presence of the
defendant, who acknowledges the plea as his." (5) Although we affirm the judgment of the appellate court,
we do not hold that Shields may be construed so broadly. 

 In Shields, trial counsel did not ask the defendant what his plea was; instead, when the trial court
asked Shields if he had been promised anything or threatened by anyone to enter the plea, he said no. (6) The
trial court also asked if his plea was voluntary, and Shields replied that it was. Under those facts and
circumstances, we concluded that the trial court had complied "not only with the spirit but with the letter
of Article 27.13," and therefore, the conviction was not invalid for failure to elicit a verbal guilty plea from
Shields personally. (7) 

 Thus, pursuant to our holding in Shields, any complaint arguing deviation from Article 27.13 should
be evaluated under the particular facts of that case to determine whether the trial court complied with the
applicable law. Here, we conclude the appellate court did just that.

 Contrary to appellant's argument, the statute does not require an oral plea. (8) Naturally, had the
legislature intended that an oral plea was necessary to protect a defendant's rights, it could have so drafted
Article 27.13--as it did in Article 27.16(a) (requiring a plea of "not guilty" to be entered "orally by the
defendant or by his counsel in open court") and Art. 26.13(d) (allowing for admonitions during arraignment
to be made in writing or orally). Furthermore, prior statutes have never required a guilty plea to be entered
orally. (9) 

 We are loathe to read into the statute a requirement we do not find there. Particularly when the
intent of the statute is satisfied, as it is here--"that the accused voluntarily desires to plead guilty." (10) 
Indeed, all the facts point to appellant's voluntary desire to plead guilty: appellant was present, the plea was
entered in open court by appellant, albeit through his bi-lingual attorney. That is all the statute requires. 

 As we reasoned in Shields, however, the better practice is to inquire of the defendant personally
what his plea is. 608 S.W.2d at 927. But, as Shields instructs and the facts bear out here, appellant had
ample opportunity to make known, subsequently, and with the aid of an interpreter, his appellate complaint
that his plea was involuntary due to a language barrier. With the facts as they are, including the written
acknowledgments, waivers, and stipulations, we cannot say that appellant's conviction is invalid because
the trial court did not secure an oral plea, and consequently, his plea was involuntary. Although we find
its reasoning unnecessarily broad, (11) the appellate court did not err because the trial court complied with the
law. Shields, 608 S.W.2d at 927. 

III. Conclusion

 The judgment of the court of appeals is affirmed. 


DELIVERED OCTOBER 6, 2004.

PUBLISH 
1. See Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon Supp. 2004). 
2. In his brief, appellant refers to the fact that no translator was appointed. We should point out
that the trial court could have appointed any qualified person to be the interpreter and apparently found
Rennenberg to be qualified. Tex. Code Crim. Proc. Ann. art 38.30 (Vernon Supp. 2004); see also,
Briones v. State, 595 S.W.2d 546 (Tex. Crim. App.1980). 
3. As evidenced by his signature on the documents, appellant acknowledged that he understood the charge
against him, the range of punishment, and the immigration consequences of his conviction. In addition, appellant's
signature appears next to the following pertinent statements and waivers: I am mentally competent and I understand
the nature of the charge against me; I understand the admonishments of the trial court set out herein; I hereby
WAIVE my right to have the trial court orally admonish me; I fully understand the consequences of my plea herein,
and after having fully consulted with my attorney, request that the trial court accept said plea; I have freely,
knowingly, and voluntarily executed this statement in open court with the consent and approval of my attorney; I
read and write/understand the Spanish language; the foregoing Admonishments, Statements, and Waivers as well as
the attached written Stipulation and Jury Waiver, were read by me or were read to me and explained to me in that
language by my attorney and/or an interpreter, namely George Renneberg, before I signed them, and I consulted with
my attorney before entering this plea....
4. The exact issue we address, as set forth in appellant's brief, is whether the court of appeals
erred in holding that the trial court complied with article 27.13 of the Texas Code of Criminal
Procedure, even though the trial court did not secure the defendant's spoken plea of guilty and did not
interact with the defendant at the time of the plea.
5. Costilla v. State, 84 S.W.3d 361, 364 (Tex. App.--Beaumont 2002)
6. 608 S.W.2d 924, 927 (Tex. Crim. App. [Panel Op.] 1980).
7. Id. 
8. In support of this claim, appellant cites to Mendez v. State, which held that the trial court did
not substantially comply with Art. 27.13 because Mendez made no statement that could be construed
as either a personal plea or an approval of his attorney's verbal entry of the plea. 892 S.W.2d 81, 83
(Tex. App.--Texarkana 1994), rev'd on other grounds, 914 S.W.2d 579 (Tex. Crim. App. 1996). 
We find Mendez distinguishable because there was sufficient evidence here that appellant understood
his attorney had entered a guilty plea in his behalf, that appellant had signed and understood the plea
documents, and that the waivers and stipulations had been explained to him in Spanish.
9. At most, prior statutes provided that such pleas may be made orally, which implies that the
defendant had the option to enter an oral plea, but was not required to do so. Saunders v. State, 10
Tex. Ct. App. 336, 337-338 (Tex. Crim. App. 1881). 
10. Matchett v. State, 941 S.W.2d 922, 930 (Tex. Crim. App. 1996). 
11. We reject the court of appeals's reasoning that the statute is satisfied "regardless of who
actually speaks." Costilla v. State, 84 S.W.3d at 364.