IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                               NO. PD-1932-04



 

 

                                          KEITH LASHONE HOGANS, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                   ON APPELLANT=S
PETITION FOR DISCRETIONARY REVIEW

                               FROM
THE FOURTEENTH COURT OF APPEALS

                                                             HARRIS  COUNTY



 

Johnson,
J., filed a concurring opinion.

 

 

                                             C
O N C U R R I N G   O P I N I O N


 

I
concur in the judgment of the Court.  However, I believe that we have
consistently misapplied the procedural statute in question, Tex. Code Crim. Proc., Art. 42.12, ' 5(b).  








The
plain language of the statute states that no appeal may be taken from the determination
by the trial court Awhether
it proceeds with an adjudication of guilt on the original charge.@  The plain language does not
bar appeal of issues that arose during the proceedings that terminated with a Adetermination@ to proceed to an
adjudication of guilt.  We must use the plain language of the statute in our
interpretation unless the plain language produces an absurd result that the
legislature could not have intended.  Boykin v. State, 818 S.W.2d 782
(Tex. Crim. App. 1991).  Cases such as Wright v. State, 592 S.W.2d 604
(Tex. Crim. App. 1980), and Shields v. State,608 S.W.2d 924 (Tex. Crim.
App. 1980), improperly expanded the inability to appeal from the plain language
Adetermination@ to include Ahearing,@ Aprocess,@
and Aproceeding@ and thus violated the
teachings of Boykin. 

Any
interpretation that bars all appeals of any issues that arise
before the magic words, AI
find you guilty,@ are
said, opens the door to abuse.  At some point, the inability to appeal
procedural issues becomes a constitutional issue.  What if the defendant is
denied counsel[1] or the state
presents no evidence of a violation of any condition, but the trial court still
adjudicates?  What if the defendant is denied an opportunity to present
evidence to rebut the evidence of the state or prevented from cross-examining
state witnesses?[2]  What if the
defendant  is jailed for no other reason than that he refused to plead true to
the allegations?  At some point, the inability to appeal raises the specter of Aunconstitutional as
applied.@  When rights
guaranteed by the United States Constitution or the Texas Constitution are
abrogated through state law, state law must give way.








If,
in a given case, the conduct of the adjudication hearing violated a defendant=s right to counsel, due
process, confrontation, equal protection,[3]
or any other constitutional right, the defendant must have some means of
challenging the denial of those constitutional rights.  To hold that Art.
42.12, ' 5(b), bars all
challenges, whatever their nature, to proceedings that result in adjudication
elevates form over substance and produces a truly absurd resultBthat state procedural law
overrules the United States Constitution.       

While
such extreme abuse is not common, it does occur.  See, e.g., Phynes, supra. 
No such abuse occurred here.  No constitutional violations are presented. 
I therefore concur in the judgment.

 

Filed: November 9, 2005

Publish









[1]
Phynes v. State, 828 S.W.2d 1 (Tex. Crim. App. 1992).





[2]
Ramon v. State, 159 S.W.3d 927 (Tex. Crim. App. 2004). 





[3]
Olowosuko v. State, 826 S.W.2d 940, 942-43 (Tex. Crim. App. 1992)
(Overstreet, J., concurring).